## PIERCE OIL CORPORATION v. YOES et al.

(Circuit Court of Appeals. Fifth Circuit. November 23, 1921.)

No. 3657.

Trial ⚖══253(4)—Instructions which fail to submit material issues erroneous.

In an action for personal injuries to plaintiff resulting from the explosion of a can of gasoline which she bought for kerosene, based on the alleged negligence of defendant in furnishing to the retail dealer from whom plaintiff purchased gasoline instead of kerosene, instructions which permitted plaintiff to recover on a finding that gasoline was sold and delivered by defendant to the retail dealer as kerosene, regardless of any

⚖══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

question of negligence, and which failed to state to the jury the effect of plaintiff's contributory negligence, which was pleaded by defendant, if found, *held* erroneous as not responding to the issues.

In Error to the District Court of the United States for the Northern District of Texas; Robert T. Ervin, Judge.

Action at law by Mrs. Annie Yoes and others against the Pierce Oil Corporation. Judgment for plaintiffs, and defendant brings error. Reversed.

S. B. Cantey and Alfred McKnight, both of Fort Worth, Tex., for plaintiff in error.

P. A. Martin, of Wichita Falls, Tex., for defendants in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action against the plaintiff in error, the Pierce Oil Corporation (herein called the defendant), to recover damages for personal injuries sustained by the defendant in error Mrs. Annie Yoes (herein called the plaintiff), in consequence of an alleged explosion of gasoline in a can when she, believing that the fluid in the can was coal oil or kerosene, poured a small quantity of it on some wood she had arranged in a stove and with one hand struck a match to start a fire, while she was holding the can away from the stove with her other hand. The petition alleged that the injuries were the direct and proximate result of negligence on the part of the defendant, its agents, servants, or employees, in that they sold gasoline instead of kerosene to one Weinzaffel, a retail merchant, who sold the fluid in the can as kerosene. The petition alleged that the defendant, its agents, servants, or employees, either placed gasoline in a kerosene container, or that the defendant's agent or servant who was charged with the duty of delivering kerosene to Weinzaffel negligently and carelessly delivered gasoline. The above-mentioned allegations of the petition were duly put in issue; and the defendant set up as contributory negligence of the plaintiff that she undertook to start a fire in the stove in a manner which was dangerous and liable to result in an explosion, whether the fluid she used was kerosene or gasoline, in that she poured some of the fluid on fuel in the stove, and, while holding the can in one hand, with the top or spout left open, struck a match with the other hand, with the result that the fumes from the fluid were ignited, the explosion being caused thereby. A phase of the evidence adduced in the trial tended to prove that an employee of the defendant who was charged with the duty of delivering kerosene bought from the defendant by Weinzaffel negligently, but not intentionally, delivered a barrel of gasoline, and that the fluid used by the plaintiff was part of the contents of that barrel, sold by Weinzaffel as kerosene. Other evidence adduced was to the effect that that barrel contained kerosene. Testimony of the plaintiff was to the following effect. On the morning the explosion occurred she poured some of the fluid in an oil can on wood and chips in a stove and applied a lighted match. She then went into another room with

her baby. After putting the child down she returned to the room containing the stove, and finding that the fuel in the stove was not burning, poured some more of the fluid on it, and, while holding the open can in one hand, struck another match with the other hand, whereupon the explosion occurred. There was evidence furnishing support for a finding that what the plaintiff did was dangerous and likely to result in an explosion, though the fluid so used was kerosene. The defendant excepted to the court's refusal to instruct the jury to find in its favor and to portions of the court's charge to the jury which will be referred to.

In behalf of the defendant it is contended that a verdict in its favor should have been directed, on the ground that there was no evidence to warrant a finding that the fluid used by the plaintiff was part of that sold by the defendant to Weinzaffel as kerosene. The record does not sustain this contention.

A part of the court's oral charge to the jury was to the effect that the plaintiff was entitled to recover if she was injured in consequence of her undertaking to light a fire with gasoline bought from Weinzaffel as kerosene, which the defendant had sold and delivered to Weinzaffel as kerosene. That part of the charge was excepted to on the ground that under it the defendant could be held to liability in the absence of any negligence on its part in its transaction with Weinzaffel. We are of opinion that the exception was well taken. The claim asserted by the petition was based upon specified negligence chargeable against the defendant. Negligence alleged was a material element of the cause of action pleaded. The petition could not properly be sustained without a finding that there was negligence in a respect alleged. Under the evidence adduced the defendant could not be held to liability to the plaintiff except upon the ground of negligence chargeable against the former. It was not claimed that the defendant or anyone acting for it knowingly delivered gasoline on a sale of kerosene.

In another part of its charge the court gave the jury instructions for their guidance in determining whether the plaintiff was or was not negligent. No part of the charge informed the jury of the effect to be given to a finding that the plaintiff was guilty of contributory negligence. The defendant excepted to the part of the court's charge dealing with the subject of contributory negligence on the part of the plaintiff, because of its failure to inform the jury that the plaintiff was not entitled to recover if the jury found from the evidence that she was guilty of the contributory negligence pleaded by the defendant. The issue of contributory negligence on the part of the plaintiff was duly raised by the pleadings and the evidence. The defendant was entitled to have the jury adequately instructed by the court with reference to that issue. The part of the court's charge which undertook to deal with that issue was subject to objection on the ground that it failed to inform the jury of the effect to be given to a finding from the evidence that the plaintiff was guilty of the contributory negligence set up as a defense. The last-mentioned exception duly

called to the court's attention a fault in its charge of which the defendant was entitled to complain. The overruling of that exception was error calling for a reversal.

Because of the above-mentioned errors, the judgment is reversed.